**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Raymond K. Fournier

    v.                                      Civil No. 07-cv-264-PB

Northern New Hampshire
Correctional Facility

**REPORT AND RECOMMENDATION**

    Before the Court is Raymond Fournier's complaint (document no. 1), filed pursuant to 42 U.S.C. § 1983, alleging a violation of his Eighth Amendment right not to be subjected to cruel and unusual punishment.[1]  The matter is before me for preliminary review to determine whether or not the complaint states any claim upon which relief might be granted.  See 28 U.S.C. § 1915A; United States District Court for the District of New Hampshire Local Rule ("LR") 4.3(d)(2).  For the reasons stated herein, I recommend that the complaint be dismissed.

---

[1] Also pending is plaintiff's motion for discovery (document no. 6).  Because I recommend that the complaint be dismissed, I deny the motion as moot.

Standard of Review

Under this Court's local rules, when an incarcerated plaintiff commences an action pro se and in forma pauperis, the magistrate judge is directed to conduct a preliminary review. LR 4.3(d)(2). In conducting the preliminary review, the Court construes pro se pleadings liberally, however inartfully pleaded. See Erickson v. Pardus, ___ U.S. ___, 127 S. Ct. 2197, 2200 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520–21 (1972) to construe pro se pleadings liberally in favor of the pro se party). "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled." See Castro v. United States, 540 U.S. 375, 381 (2003) (noting that courts may construe pro se pleadings so as to avoid inappropriately stringent rules and unnecessary dismissals of claims); Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997). All of the factual assertions made by a pro se plaintiff and inferences reasonably drawn therefrom must be accepted as true. See id. This review ensures that pro se pleadings are given fair and meaningful consideration.

Background

Raymond Fournier is a New Hampshire Department of Corrections inmate housed at the Northern New Hampshire Correctional Facility ("NCF"). Fournier alleges that during his incarceration at the NCF, he has either seen or heard of certain unsanitary practices taking place in the NCF kitchen. Specifically, Fournier claims that: (1) most of the NCF kitchen workers fail to change their latex gloves, fail to wear latex gloves, and fail to wash their hands as often as they should, (2) NCF kitchen workers are sneezing without covering their mouth and nose, (3) heat-proof gloves utilized in the kitchen are not cleaned often enough, are not long enough, and have holes in them, (4) cleaning rags are overused and not cleaned frequently enough, (5) various kitchen utensils and appliances are not cleaned thoroughly, (6) food warmers are not set to a proper temperature, and (7) methods for cleaning tables and floors are insufficient to prevent the spread of bacteria. Fournier also lists in his complaint a number of specific incidents he suggests are indicative of minor problems in the cleanliness of the eating facilities and issues with food preparation.[2] Fournier also

---

[2]Fournier lists the following specific incidents: (1) serving window with food on it on May 3, 2007, (2) food on an

claims that on one occasion he suffered from nausea, vomiting and diarrhea in the middle of the night, which he believes was caused by chicken he ate earlier in the evening, and that their have been other occasions on which he has felt sick after eating food from the NCF kitchen.

Fournier complained in writing, to Joe Pelletier, the NCF kitchen supervisor about his concerns. Pelletier responded that Fournier was the only one of more than 560 inmates and staff members to get sick after eating food from the NCF kitchen. In addition, Major Cox responded to one of Fournier's written complaints, advising him that the NCF kitchen meets all State and American Correctional Association standards for maintaining a prison kitchen and preparing and serving food, and that the State Health Department gave the NCF kitchen a perfect score after

---

otherwise clean floor, and black marks on a wall on May 6, 2007, (3) room temperature tasteless pasta served on May 15, 2007, (4) old-tasting breakfast served on May 17, 2007, (5) salad dressing and juice stain on floor on May 23, 2007, (6) food on floor on May 24, 2007, (7) carrots on floor on June 3, 2007, (8) tasteless rice served on June 4, 2007, (9) chow hall covered in food, dirt, and napkins, stained seat on June 17, 2007, (10) food spots on walls on June 19, 2007, (11) shells and napkins on floor on June 21, 2007, (12) messy cafeteria on June 22, 2007, and (13) napkin left on a seat on June 28, 2007. Because none of these issues, even considered in the aggregate, comes close to raising an actionable constitutional claim, I presume they are submitted in an effort to demonstrate the lack of attention to cleanliness Fournier alleges is possessed by the defendant.

conducting an inspection of the facility.  Finally, Warden Larry
Blaisdell responded to Fournier's grievance by advising him that
the NCF kitchen and food are monitored and rated by staff, that
specific procedures are followed to insure that food preparation
and service meets health and safety requirements, and that the
State Health Department regularly inspects the NCF kitchen and
warehouse.

## Discussion[3]

I.  Section 1983 Claims

Section 1983 creates a cause of action against those who,
acting under color of State law, violate federal constitutional
or statutory law.  See 42 U.S.C. § 1983[4]; Parratt v. Taylor, 451

---

[3] The claims as identified herein will be considered for all purposes to be the claims raised in the complaint.  If Fournier disagrees with this identification of the claims, he must do so by proper objection to this Report and Recommendation or properly moving to amend his complaint.

[4] 42 U.S.C. § 1983 provides that:

> Every person who under color of any statute,
> ordinance, regulation, custom, or usage, of any
> State or Territory or the District of Columbia,
> subjects, or causes to be subjected, any citizen of
> the United States or other person within the
> jurisdiction thereof to the deprivation of any
> rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party
> injured in an action at law . . . .

U.S. 527, 535 (1981) (overruled on other grounds by Daniels v. Williams, 474 U.S. 327, 330-331 (1986)); Wilson v. Town of Mendon, 294 F.3d 1, 6 (1st Cir. 2002).  In order for a defendant to be held liable under § 1983, his or her conduct must have caused the alleged constitutional or statutory deprivation.  See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 692 (1978); Soto v. Flores, 103 F.3d 1056, 1061-62 (1st Cir.).

Fournier alleges that the defendant, a state employee, has denied him rights that accrue to him under federal constitutional law.  Accordingly, Fournier's claim arises under § 1983.

II.  Eighth Amendment Claim

"[T]he treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment."  Helling v. McKinney, 509 U.S. 25, 33 (1993); see Giroux v. Somerset County, 178 F.3d 28, 31 (1st Cir. 1999).  The Supreme Court has adopted a two-part test for reviewing claims under the Eighth Amendment's cruel and unusual punishment clause.  See Farmer v. Brennan, 511 U.S. 825, 834 (1994); Helling, 509 U.S. at 25; Hudson v. McMillian, 503 U.S. 1, 7 (1992).

In claims, such as the one raised in this action, based on the alleged failure to prevent harm, the first prong of review in an Eighth Amendment claim requires that the prison conditions complained of must, considered objectively, pose "a substantial risk of serious harm." Farmer, 511 U.S. at 834, 836. "This determination requires the fact-finder to consider the seriousness of the potential harm and the likelihood that such injury to health will actually be caused by exposure [to the danger]." Pack v. Artuz, 348 F. Supp. 2d 63, 79 (S.D.N.Y. 2004). To violate the Eighth Amendment, the conditions presenting the risk of future harm "must be 'sure or very likely to cause serious illness and needless suffering,'" and give rise to 'sufficiently imminent dangers.'" Baze v. Rees, ___ U.S. ___, 128 S. Ct. 1520, 1530-31 (2008) (quoting Helling, 509 U.S. at 33-35).  To violate the Eighth Amendment prohibition against cruel and unusual punishment, an inmate must allege more than "routine discomfort" associated with prison life.  Hudson, 503 U.S. at 9 (internal citation omitted).  Plaintiff instead must demonstrate that he has suffered from a deprivation of "'the minimal civilized measure of life's necessities.'"  Wilson v. Seiter, 501 U.S. 294, 298 (1991) (quoting Rhodes v. Chapman, 452 U.S. 337,3

47 (1981)).  When alleging that the prison failed to protect him from harm, an inmate need not show serious physical injury, as the Eighth Amendment protects inmates against being exposed to a substantial risk of future harm.  See Helling, 509 U.S. at 33 (finding that "prison officials may [not] be deliberately indifferent to the exposure of inmates to a serious, communicable disease on the ground that the complaining inmate shows no serious current symptoms").  However, in order to obtain the protection of the Eighth Amendment, an inmate must show that the potential harm he has been exposed to poses "an unreasonable risk of serious damage to his future health."  Id. at 35.  An inmate must also show that he is, in fact, being exposed to an existing unreasonable hazard.  Id. at 35-36 (no Eighth Amendment claim where inmate is not presently exposed to actual danger, but only speculates as to potential danger he might be exposed to in the future).

The second prong of the review of an Eighth Amendment claim requires examination of the subjective intent of the defendant; it requires that the prison official defendant acted with a "sufficiently culpable state of mind," and acted with deliberate indifference to an inmate's health or safety.  Farmer 511 U.S. at

834.  In the context of a failure to protect claim, "a prison official has sufficient culpable intent if he has knowledge that an inmate faces a substantial risk of serious harm and he disregards that risk by failing to take reasonable measures to abate the harm."  <u>Pack</u>, 348 F. Supp. 2d at 88 (citing <u>Hayes v. N.Y. City Dep't of Corrs.</u>, 84 F.3d 614, 620 (2d Cir. 1996)).

The only specific harm that Fournier points to, however, is one occasion where he was sick in the middle of the night, which he believes was caused by chicken that he did not notice any problem with while he was eating it.  Fournier admits that since then he has had no more stomach trouble and so has not sought medical assistance to address any difficulties with his stomach. I find that, in terms of actual injury, the connection between NCF kitchen practices and Fournier's single night of discomfort amounts to nothing more than a speculative and de minimus allegation of harm, and I find that an Eighth Amendment claim cannot rest on such assertions.

Fournier lists a number or practices that he has either seen, or heard about, occurring in the NCF kitchen.  Crediting Fournier's description of the conditions in the NCF kitchen as true, as I must at this stage of the proceedings, I find that he

has alleged that certain practices in the NCF kitchen are unsanitary and, given the right predicate circumstances, could potentially result in harm or illness to someone eating at the NCF cafeteria in the future.  Here, however, Fournier has not alleged that any of the kitchen workers possess any disease or virus which he has actually been exposed to by virtue of unsanitary practices in the NCF kitchen.  Fournier correctly hypothesizes that a kitchen worker who was infected with a communicable disease, and who also engaged in unsanitary practices in the kitchen, might pose a risk of exposure to communicable disease to those who eat food from the NCF kitchen.  No facts presented, however, give rise to any reason to believe that such a threat is imminent or even likely to occur at any time in the future.  To the contrary, the attachments to Fournier's complaint indicate that the NCF staff get very few complaints about the food, and that Fournier, if he was sickened by the food on one occasion, is the only person to have been so affected.  There is no reason to believe, at this time, that the food being served poses any risk to Fournier.  Fournier's assertion to the contrary is entirely speculative, and does not amount to a showing that he has suffered, or is likely to suffer,

from serious harm or exposure to a risk of harm.  Accordingly, I recommend that the complaint be dismissed, as I find that Fournier has failed to allege sufficient facts to state an Eighth Amendment claim upon which relief might be granted.

## Conclusion

Any objections to this report and recommendation must be filed within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See Unauthorized Practice of Law Comm. v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).

_____
James R. Muirhead
United States Magistrate Judge

Date:    May 16, 2008

cc:      Raymond K. Fournier, pro se